**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Nov 08 2012, 9:43 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**KIMBERLY A. JACKSON**
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**ERIC P. BABBS**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| ZACHARY A. SEBASTIAN, | ) |
| | ) |
| Appellant-Defendant, | ) |
| | ) |
| vs. | ) No. 52A02-1205-CR-372 |
| | ) |
| STATE OF INDIANA, | ) |
| | ) |
| Appellee-Plaintiff. | ) |

APPEAL FROM THE MIAMI CIRCUIT COURT
The Honorable Robert A. Spahr, Judge
Cause No. 52C01-1106-MR-1

**November 8, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BAILEY, Judge**

**Case Summary**

Zachary A. Sebastian ("Sebastian") pled guilty to Reckless Homicide[1] and Carrying a Handgun Without a License[2], both as Class C felonies, and was sentenced to eight years imprisonment for each offense, with the terms of imprisonment to run consecutively for an aggregate sentence of sixteen years imprisonment. He now appeals his sentence and argues that it was inappropriate under Appellate Rule 7(B).

We affirm.

**Facts and Procedural History**

We take our statement of facts from Sebastian's statements during the plea hearing.

On June 3, 2011, Sebastian, a resident of Peru, Indiana, had recently purchased a .45-caliber pistol. He had also been drinking throughout the course of the day. That evening, Sebastian walked to a liquor store near his home while carrying the firearm.

At the liquor store, Sebastian encountered John W. Phelps, III ("Phelps"), and several other individuals, one of whom asked Sebastian for a cigarette. When Sebastian reached for a cigarette, the individuals saw the pistol, and one of them asked to see the gun.

Sebastian complied, and at some point unloaded and then reloaded the gun. The pistol's hammer was cocked and, though Sebastian thought otherwise at the time, there was a bullet in the firing chamber. Sebastian pointed the gun at Phelps and used what he believed to be a de-cocking lever on the pistol to drop the hammer safely, but the weapon discharged

---

[1] Ind. Code § 35-42-1-5.

[2] I.C. §§ 35-47-2-1 & 35-47-2-23(c).

2

and the bullet fired struck Phelps in the head. Though emergency assistance was called, Phelps died from the gunshot. A blood draw shortly after the shooting revealed that Sebastian was intoxicated, with a Blood Alcohol Content of 0.25.

On June 6, 2011, the State charged Sebastian with Murder, a felony[3]; Carrying a Handgun Without a License; Pointing a Firearm, as a Class D felony[4]; and Criminal Recklessness Resulting in Serious Bodily Injury, as a Class C felony.[5] On December 6, 2011, the State amended the charging information, and charged Sebastian with Reckless Homicide.

On December 14, 2011, Sebastian and the State entered into a plea agreement, under the terms of which Sebastian agreed to plead guilty to Carrying a Handgun Without a License and Reckless Homicide, and the State agreed to dismiss the charges for Murder, Pointing a Firearm, and Criminal Recklessness Resulting in Serious Bodily Injury. The plea agreement left sentencing matters to the discretion of the trial court. On December 15, 2011, the trial court conducted a change-of-plea hearing, during which it accepted the plea agreement and entered judgments of conviction against Sebastian for Carrying a Handgun Without a License and Reckless Homicide.

The trial court conducted a sentencing hearing on April 23, 2012, at the conclusion of which it sentenced Sebastian to eight years imprisonment for each offense, and ran the sentences consecutively to one another, yielding a sixteen-year aggregate term of imprisonment.

---

[3] I.C. § 35-42-1-1(1).

[4] I.C. § 35-47-4-3(b).

[5] I.C. § 35-42-2-2(d)(1).

3

This appeal ensued.

## Discussion and Decision

On appeal, Sebastian contends that his aggregate sixteen-year sentence is inappropriate, and requests that we revise his sentence to two consecutive advisory terms of four years each, or two concurrent sentences of eight years each.

This Court has independent authority to review the appropriateness of sentences under the Indiana Constitution and Appellate Rule 7(B). In Reid v. State, the Indiana Supreme Court reiterated the standard by which our state appellate courts independently review criminal sentences:

> Although a trial court may have acted within its lawful discretion in determining a sentence, Article VII, Sections 4 and 6 of the Indiana Constitution authorize independent appellate review and revision of a sentence through Indiana Appellate Rule 7(B), which provides that a court may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender. The burden is on the defendant to persuade us that his sentence is inappropriate.

876 N.E.2d 1114, 1116 (Ind. 2007) (internal quotation and citations omitted).

Our supreme court has stated that "sentencing is principally a discretionary function in which the trial court's judgment should receive considerable deference." Cardwell v. State, 895 N.E.2d 1219, 1222 (Ind. 2008). Indiana's flexible sentencing scheme allows trial courts to tailor an appropriate sentence to the circumstances presented. See id. at 1224. One purpose of appellate review is to attempt to "leaven the outliers." Id. at 1225. "Whether we regard a sentence as appropriate at the end of the day turns on our sense of the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other factors

4

that come to light in a given case." Id. at 1224.

Sebastian was convicted of two Class C felonies, Carrying a Handgun Without a License and Reckless Homicide. The sentencing range for each offense runs from two to eight years imprisonment, with an advisory sentence of four years. I.C. § 35-50-2-6(a). The trial court sentenced Sebastian to the maximum possible term for each offense, and ran the terms consecutively for a total term of imprisonment of sixteen years.

We first examine the nature of Sebastian's offense. While heavily intoxicated, Sebastian displayed a firearm, did not ensure the gun's firing chamber was clear, and caused it to discharge. This conduct resulted in Phelps's death. Sebastian did not have a license to possess the firearm, and had previously been convicted of two felonies. Both prior felony convictions were for the offense of Driving While Intoxicated. At the time of the offense, Sebastian had been prescribed and was taking Ativan to treat anxiety and alcohol problems; contrary to the warnings on the label for the medication, he continued to drink while using the drug.

Further, Sebastian was aware that he could not legally buy a firearm under federal law. He obtained the pistol in a person-to-person sale he mistakenly believed to be legal, which resulted in a conviction for a federal offense and prison time for the individual who sold him the gun.

We turn now to Sebastian's character. Thirty-one years of age at the time of his sentencing, Sebastian has had a long-running alcohol problem that began in high school, and has numerous convictions for alcohol-related criminal offenses. These include two

5

convictions for Operating a Vehicle While Intoxicated, as Class D felonies. Sebastian has also been convicted on numerous occasions of misdemeanor Operating a Vehicle While Intoxicated and Public Intoxication. When portions of his sentences for those offenses were suspended to probation or home detention, Sebastian failed to comply with their requirements, and has had his probation revoked multiple times both for failure to comply with the terms of probation and for other criminal conduct during probation. At the time of the instant offenses, Sebastian was in a pretrial diversion program for his most recent arrest for Public Intoxication.

Though he has been required to participate in several alcohol-abuse treatment programs, Sebastian continued to drink excessively up to the date of the instant offenses. Sebastian has not been able to hold a steady job since 2007, and has worked only occasional odd jobs for several years. At the time of his sentencing, he estimated that he was around $6,000 in arrears for child support for his daughter, and a determination of his paternity was pending in another case.

Weighing in Sebastian's favor are his admission of guilt and expression of remorse, support from his father and other family members, and his cooperation with law enforcement in the wake of the instant offenses. However, he received a substantial benefit from his plea as a result of the dismissal of the charge of Murder. Further, in light of his prior criminal history, continued use of alcohol after numerous alcohol-related offenses, and the other associated circumstances of his offenses here, Sebastian has not persuaded us that the aggregate sixteen-year sentence was inappropriate. We therefore affirm the trial court's

6

sentencing decision.

Affirmed.

RILEY, J., and CRONE, J., concur.